# In the United States District Court for the Southern District of Georgia Brunswick Division

```
DANA H. ATKINS,

     Plaintiff,
                                        No. 2:20—CV-16
     v.

GEORGIA HOUSING AND FINANCE
AUTHORITY d/b/a STATE HOME
MORTGAGE,

     Defendant.
```

## ORDER

This matter is before the Court on Defendant Georgia Housing and Finance Authority's ("GHFA") Motion to Dismiss Plaintiff Dana Atkins' *pro se* Complaint. Dkt. No. 6. In the Complaint, Atkins asserts claims against GHFA for violations of certain provisions of the Code of Federal Regulations, "Failure to Comply with a Bankruptcy Court Order," "Breach of Good Faith and Fair Dealing," and "Violation of Housing and Urban Development Foreclosure Rules." See Dkt. No. 2-1 at 35-38. On March 16, GHFA moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Dkt. No. 6. Atkins has not responded to GHFA's motion.

Pursuant to Local Rule 7.5, a party opposing a motion "shall serve and file a response within fourteen (14) days of service of

the motion" and "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion." S.D. Ga. L.R. 7.5. Here, GHFA appended to its Motion a certification that on March 16, 2020 it had electronically filed its Motion to Dismiss with the Court's electronic filing system and, on the same day, mailed its Motion to Atkins' address of record via the United States Mail. Dkt. No. 6 at 3.

Though the requisite fourteen days for Atkins to respond to GHFA's motion has long passed, the Court is reluctant to grant GHFA's dispositive motion without either receiving a response from Atkins or otherwise ensuring that Atkins has been "advised of the potential ramifications caused by his failure to respond." Turner v. Jarriel, No. 6:12cv30, 2012 U.S. Dist. LEXIS 171187, at *1 (S.D. Ga. Dec. 3, 2012). However, the Court must also balance the interests of *pro se* parties against the interest of judicial economy and allowing GHFA to have its case litigated. Rush v. IRS, No. 85-1173, 1987 U.S. Dist. LEXIS 14778, at *8 (S.D. Ala. 1987) ("The Court has given the plaintiff special consideration in this matter because she is proceeding *pro se*. However, judicial economy mandates that prosecution of a case must move forward toward adjudication or at some point be terminated."). Accordingly, it is hereby **ORDERED** that Atkins shall file any opposition to GHFA's Motion to Dismiss or otherwise inform the Court of his decision not to object to GHFA's motion **within fourteen (14) days of the**

2

**date of this Order**. Failure to respond adequately in accordance with this Order may result in dismissal of his action, with or without prejudice.

**SO ORDERED**, this 30th day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA